United States Bankruptcy Court
Northern District of California

In re:  Case No. 20-51306 MEH
        Chapter 11

OMER KASSA,

Debtor.
_____/

# [PROPOSED] COMBINED PLAN OF REORGANIZATION

# AND [APPROVED] [TENTATIVELY APPROVED] DISCLOSURE STATEMENT

# DATED DECEMBER 2, 2020

## INTRODUCTION

This is Debtor's Combined Chapter 11 Plan of Reorganization and Disclosure Statement (the Plan). The Plan identifies each known creditor by name and describes how each claim will be treated if the Plan is confirmed.

Part 1 contains the treatment of creditors with secured claims; Part 2 contains the treatment of general unsecured creditors: **100% of their allowed claims in monthly payments on the Effective Date**. Taxes and other priority claims would be paid in full, as shown in Part 3.

Most creditors (those in impaired classes) are entitled to vote on confirmation of the Plan. Completed ballots must be received by Debtor's counsel, and objections to confirmation must be filed and served, no later than [date]. The court will hold a hearing on confirmation of the Plan on [date] at [time].

Attached to the Plan are exhibits containing financial information that may help you decide how to vote and whether to object to confirmation. Exhibit 1 includes background information regarding Debtor and the events that led to the filing of the bankruptcy petition and describes significant events that have occurred during this Chapter 11 case. Exhibit 2 contains an analysis of how much creditors would likely receive in a Chapter 7 liquidation. Exhibit 3 shows Debtor's monthly income and expenses. Exhibit 4 describes how much Debtor is required to pay on the effective date of the plan. Exhibit 5 shows Debtor's monthly income and expenses related to each investment property.

Whether the Plan is confirmed is subject to complex legal rules that cannot be fully

described here.  You are strongly encouraged to read the Plan carefully and to consult an attorney to help you determine how to vote and whether to object to confirmation of the Plan.

If the Plan is confirmed, the payments promised in the Plan constitute new contractual obligations that replace the Debtor's pre-confirmation debts.  Creditors may not seize their collateral or enforce their pre-confirmation debts so long as Debtor performs all obligations under the Plan.  If Debtor defaults in performing Plan obligations, any creditor can file a motion to have the case dismissed or converted to a Chapter 7 liquidation, or enforce their non-bankruptcy rights.  Debtor will be discharged from all pre-confirmation debts (with certain exceptions) if Debtor makes all Plan payments.  Enforcement of the Plan, discharge of the Debtor, and creditors' remedies if Debtor defaults are described in detail in Parts 5 and 6 of the Plan.

**PART 1: TREATMENT OF SECURED CREDITORS**

**Debtor to Make Regular Payments and Pay Arrears Over Time.**

| Class | Name of Creditor | Collateral | Regular Monthly Payment | Estimated Arrears | Interest Rate on Arrears | Monthly Payment on Arrears |
|---|---|---|---|---|---|---|
| 1A | Nationstar Mortgage LLC b/b/a Mr. Cooper[1] (Primary Mortgage) **(Claim # 2)** | 3712 Underwood Dr., San Jose, CA 95117 | Principal: $3,270.35  Escrow: $1,009.22 | $12,831.38 | 0% | $1,069.28 |

Debtor will pay the entire amount contractually due by making all post-confirmation regular monthly payments, and by paying all pre-confirmation arrears (including attorneys fees and late charges) **with 0% interest in 12 equal monthly payments, due the 1st day of the month, starting January 1, 2021 on the above secured claims**.  To the extent arrears are determined to be other than as shown above, appropriate adjustments will be made in the number of payments.  Creditors in these classes shall retain their interest in the collateral until paid in full.

Creditors in these classes may not repossess or dispose of their collateral so long as Debtor is not in material default under the Plan (defined in Part 6(c)).  **These secured claims are impaired and entitled to vote on confirmation of the Plan.**

---

[1] A Stipulation for Adequate Protection and Plan Treatment on First Lien Secured by Real Property has been filed at case docket number 39 (on November 23, 2020).  Should any discrepancy arise between the terms of this Plan and the Stipulation, the terms of the Stipulation shall control.

Individual Chapter 11
Combined Plan & Disclosure Statement
Dated December 2, 2020

2

(Version: 7/30/12)

**Debtor to Adjust Terms and Pay Amount Due in Full Over Time.**

| Class | Name of Creditor | Collateral | Amount Due | Interest Rate | Monthly Payment | Term |
|---|---|---|---|---|---|---|
| 1B | Real Time Resolutions<br><br>(Junior Lien / Second Mortgage)<br><br>**(No Claim Filed)** | 3712 Underwood Dr., San Jose, CA 95117 | $349,707.00 | 2.00 | $1,059.00 | 40 years |

Debtor will pay the entire amount contractually due **with interest through 480 equal monthly payments, due the 1st day of the month, starting Effective Date** on the above secured claims. Creditors in these classes shall retain their interest in the collateral until Debtor makes all payments on the allowed secured claim specified in the Plan.

Creditors in these classes may not repossess or dispose of their collateral so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **These secured claims are impaired and are entitled to vote on confirmation of the Plan.**

Payments to claimants in these classes may continue past the date Debtor obtains a discharge. The claimants' rights against its collateral shall not be affected by the entry of discharge, but shall continue to be governed by the terms of this Plan.

**PART 2: TREATMENT OF GENERAL UNSECURED CREDITORS**

**Class 2. General Unsecured Claims.**

| Name of Creditor | Amount of Claim | Disputed Y/N | Amount to be Paid | Monthly Payment |
|---|---|---|---|---|
| Bank of America | $138.00 | N | $138.00 | $138.00 |
| JPMorgan Chase Bank, N.A. **(Claim # 1)** | $537.87 | N | $537.87 | $537.87 |
| Stanford Health Care **(Claim # 3)** | $1,820.23 | N | $1,820.23 | $1,820.23 |
| | $2,496.10 | | $2,496.10 | $2,496.10 |

Allowed claims of general unsecured creditors (including allowed claims of creditors whose executory contracts or unexpired leases are being rejected under this Plan) shall be paid as

follows:

>**Percent Plan.** Creditors will receive <u>**100 percent of their allowed claim in 1 equal monthly installment, due on the 1st day of the month, starting Effective Date.**</u>

Creditors in this class may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **This class is impaired and is entitled to vote on confirmation of the Plan.** Debtor has indicated above whether a particular claim is disputed.

## PART 3: TREATMENT OF PRIORITY AND ADMINISTRATIVE CLAIMS

(a) <u>Professional Fees</u>. Debtor will pay the following professional fees in full on the Effective Date, or upon approval by the court, whichever is later.

| Name and Role of Professional | Estimated Amount |
|---|---|
| Farsad Law Office, P.C. ($15,000.00 is currently being held in the Firm's operational account and shall be applied to the estimated balance only after Court approval post a formally noticed application for fees and costs) | $20,000.00 |

(b) <u>Other Administrative Claims</u>. Debtor will pay other allowed claims entitled to priority under section 503(b) in full on the Effective Date; except expenses incurred in the ordinary course of Debtor's business or financial affairs, which shall be paid when normally due and payable (these creditors are not listed below). All fees payable to the United States Trustee as of confirmation will be paid on the Effective Date; post-confirmation fees to the United States Trustee will be paid when due.

Administrative Creditors may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **Administrative claimants are not entitled to vote on confirmation of the Plan.**

| Name of Administrative Creditor | Estimated Amount of Claim |
|---|---|
| Balbir Singh Malhi | $1,700.00 (security deposit by renter – shall be returned after termination of month-to-month lease) |
| Cuong Huynh | $2,100.00 (security deposit by renter – shall be returned after termination of month-to-month lease) |
| Oralia Alvarez and Leonardo Diaz | $1,700.00 (security deposit by renter – shall be returned after termination of month-to-month lease) |

(c) <u>Tax Claims</u>.  Debtor will pay allowed claims entitled to priority under section 507(a)(8) in full over time with interest (at the non-bankruptcy statutory interest rate) in equal amortizing payments in accordance with section 511 of the Bankruptcy Code.  Payments will be made [monthly/quarterly], due on the [number] day of the [month/quarter], starting [month & year].  To the extent amounts owed are determined to be other than as shown below, appropriate adjustments will be made in the number of payments.

Priority tax creditors may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)).  **Priority tax claimants are not entitled to vote on confirmation of the Plan.**

| Name of Creditor | Estimated Amount of Claim | Statutory Interest Rate | Payment Amount | Number of Payments |
|---|---|---|---|---|
| NONE | NONE | NONE | NONE | NONE |

**PART 4:  EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

(a) <u>Executory Contracts/Unexpired Leases Assumed</u>.  Debtor assumes the following executory contracts and/or unexpired leases upon confirmation of this Plan and will perform all pre-confirmation and post-confirmation obligations thereunder.  Post-confirmation obligations will be paid as they come due.  Pre-confirmation arrears will be paid [select one] [in full on the Effective Date] in [number] equal [monthly/quarterly] installments beginning on the first day of [month & year].

| Name of Counter-Party | Description of Contract/Lease | Estimated Total Cure Amount | Installment Amount | Number of Installments |
|---|---|---|---|---|
| NONE | NONE | NONE | NONE | NONE |

(b) <u>Executory Contracts/Unexpired Leases Rejected</u>.  Debtor rejects the following executory contracts and/or unexpired leases and surrenders any interest in the affected property, and allows the affected creditor to obtain possession and dispose of its property, without further order of the court.  Claims arising from rejection of executory contracts have been included in Class 2 (general unsecured claims).

| Name of Counter-Party | Description of Contract/Lease |
|---|---|
| NONE | NONE |

(c) Executory contracts and unexpired leases not specifically assumed or rejected above will be deemed rejected.

**PART 5: DISCHARGE AND OTHER EFFECTS OF CONFIRMATION**
(a) <u>Discharge</u>.  Debtor shall not receive a discharge of debts until Debtor makes all payments

due under the Plan or the court grants a hardship discharge.

(b) <u>Vesting of Property</u>.  On the Effective Date, all property of the estate and interests of the Debtor will vest in the reorganized Debtor pursuant to § 1141(b) of the Bankruptcy Code free and clear of all claims and interests except as provided in this Plan, subject to revesting upon conversion to Chapter 7 as provided in Part 6(f) below.

(c) <u>Plan Creates New Obligations</u>.  Except as provided in
Part 6(d) and (e), the obligations to creditors that Debtor undertakes in the confirmed Plan replace those obligations to creditors that existed prior to the Effective Date of the Plan. Debtor's obligations under the confirmed Plan constitute binding contractual promises that, if not satisfied through performance of the Plan, create a basis for an action for breach of contract under California law.  To the extent a creditor retains a lien under the Plan, that creditor retains all rights provided by such lien under applicable non-Bankruptcy law.

**PART 6: REMEDIES IF DEBTOR DEFAULTS IN PERFORMING THE PLAN**
(a) <u>Creditor Action Restrained</u>.  The confirmed Plan is binding on every creditor whose claims are provided for in the Plan.  Therefore, even though the automatic stay terminates on the Effective Date with respect to secured claims, no creditor may take any action to enforce either the pre-confirmation obligation or the obligation due under the Plan, so long as Debtor is not in material default under the Plan, except as provided in Part 6(e) below.

(b) <u>Obligations to Each Class Separate</u>.  Debtor's obligations under the Plan are separate with respect to each class of creditors.  Default in performance of an obligation due to members of one class shall not by itself constitute a default with respect to members of other classes.  For purposes of this Part 6, the holders of all administrative claims shall be considered to be a single class, the holders of all priority claims shall be considered to be a single class, and each non-debtor party to an assumed executory contract or lease shall be considered to be a separate class.

(c) <u>Material Default Defined</u>.  If Debtor fails to make any payment, or to perform any other obligation required under the Plan, for more than 10 days after the time specified in the Plan for such payment or other performance, any member of a class affected by the default may serve upon Debtor and Debtor's attorney (if any) a written notice of Debtor's default.  If Debtor fails within 30 days after the date of service of the notice of default either: (i) to cure the default; (ii) to obtain from the court an extension of time to cure the default; or (iii) to obtain from the court a determination that no default occurred, then Debtor is in Material Default under the Plan to all the members of the affected class.

(d) <u>Remedies Upon Material Default</u>.  Upon Material Default, any member of a class affected by the default: (i) may file and serve a motion to dismiss the case or to convert the case to Chapter 7; or (ii) without further order of the court has relief from stay to the extent necessary, and may pursue its lawful remedies to enforce and collect Debtor's pre-confirmation obligations.

(e) <u>Claims not Affected by Plan</u>.  Upon confirmation of the Plan, and subject to Part 5(c), any creditor whose claims are left unimpaired under the Plan may, notwithstanding paragraphs (a), (b), (c), and (d) above, immediately exercise all of its contractual, legal, and equitable rights,

except rights based on default of the type that need not be cured under section 1124(2)(A) and (D).

(f) <u>Effect of Conversion to Chapter 7</u>. If the case is at any time converted to one under Chapter 7, property of the Debtor shall vest in the Chapter 7 bankruptcy estate to the same extent provided for in section 348(f) of the Bankruptcy Code upon the conversion of a case from Chapter 13 to Chapter 7.

(g) <u>Retention of Jurisdiction</u>. The bankruptcy court may exercise jurisdiction over proceedings concerning: (i) whether Debtor is in Material Default of any Plan obligation; (ii) whether the time for performing any Plan obligation should be extended; (iii) adversary proceedings and contested matters pending as of the Effective Date or specifically contemplated in this Plan to be filed in this court (see Part 7(f)); (iv) whether the case should be dismissed or converted to one under Chapter 7; (v) any objections to claims; (vi) compromises of controversies under Fed. R. Bankr. Pro. 9019; (vii) compensation of professionals; and (viii) other questions regarding the interpretation and enforcement of the Plan.

**PART 7: GENERAL PROVISIONS**
(a) <u>Effective Date of Plan</u>. The Effective Date of the Plan is the fifteenth day following the date of the entry of the order of confirmation, if no notice of appeal from that order has been filed. If a notice of appeal has been filed, Debtor may waive the finality requirement and put the Plan into effect, unless the order confirming the Plan has been stayed. If a stay of the confirmation order has been issued, the Effective Date will be the first day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

(b) <u>Disputed Claim Reserve</u>. Debtor will create a reserve for disputed claims. Each time Debtor makes a distribution to the holders of allowed claims, Debtor will place into a reserve the amount that would have been distributed to the holders of disputed claims if such claims had been allowed in the full amount claimed. If a disputed claim becomes an allowed claim, Debtor shall immediately distribute to the claimant from the reserve an amount equal to all distributions due to date under the plan calculated using the amount of the allowed claim. Any funds no longer needed in reserve shall be returned to Debtor.

(c) <u>Cramdown</u>. Pursuant to section 1129(b) of the Bankruptcy Code, Debtor reserves the right to seek confirmation of the Plan despite the rejection of the Plan by one or more classes of creditors.

(d) <u>Severability</u>. If any provision in the Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of the Plan.

(e) <u>Governing Law</u>. Except to the extent a federal rule of decision or procedure applies, the laws of the State of California govern the Plan.

(f) <u>Lawsuits</u>. Debtor believes that causes of action for fraudulent transfers, voidable preferences,

or other claims for relief exist against the following parties:

| Party | Creditor Y/N | Nature of Claim | Amount of Claim | Will Debtor Prosecute Action? Y/N |
|---|---|---|---|---|
| NONE | NONE | NONE | NONE | NONE |

(g)  Notices.  Any notice to the Debtor shall be in writing, and will be deemed to have been given three days after the date sent by first-class mail, postage prepaid and addressed as follows:

Omer Kassa
3712 Underwood Dr., Apt #1
San Jose, CA 95117

Farsad Law Office, P.C.
1625 The Alameda, suite 525
San Jose, CA 95126

(h)  Post-Confirmation United States Trustee Fees.  Following confirmation, Debtor shall continue to pay quarterly fees to the United States Trustee to the extent, and in the amounts, required by 28 U.S.C. § 1930(a)(6).  So long as Debtor is required to make these payments, Debtor shall file with the court quarterly reports in the form specified by the United States Trustee for that purpose.

(i)  Deadline for § 1111(b) Election.  Creditors with an allowed secured claim can make a timely election under section 1111(b) no later than 14 days before the first date set for the hearing on confirmation of the Plan.

Dated: December 2, 2020

                                                */s/ Omer Kassa*
                                                Debtor

                                                _____
                                                Debtor

                                              */s/ Arasto Farsad*
                                                Attorney for Debtor

**Attorney Certification**

I, <u>Arasto Farsad</u>, am legal counsel for the Debtor(s) in the above-captioned case and hereby certify the following: (i) the foregoing plan is a true and correct copy of the Individual Chapter 11 Combined Plan and Disclosure Statement promulgated by the Northern District of California, San Francisco Division, on July 30, 2012 (the "Standard-Form Plan"); and (ii) except as specified below, there have been no alterations or modifications to any provision of the Standard-Form Plan.

The following provisions of the Standard-Form Plan have been altered or otherwise modified.

Page 2, added this re: payments: "**with 0% interest in 12 equal monthly payments, due the 1st day of the month, starting January 1, 2021 on the above secured claims**."

*ALL FONT CHANGED TO TIMES NEW ROMAN

**No other content / substantive changes

I declare that the foregoing is true and correct. Executed this 2nd day of December 2, 2020.

                                                              _/s/ Arasto Farsad_
                                                               Attorney for Debtor(s)

Individual Chapter 11                                         9
Combined Plan & Disclosure Statement                                                   (Version: 7/30/12)
Dated December 2, 2020

Case: 20-51306    Doc# 41    Filed: 12/02/20    Entered: 12/02/20 15:20:38    Page 9 of 15

**Exhibit 1 - Events That Led To Bankruptcy**

The subject Chapter 11 petition was filed on September 1, 2020 to stop the non-judicial foreclosure of the Debtor's real property located at 3712 Underwood Drive, San Jose California ("Property"). The Property is a four-plex and the Debtor and his wife reside in unit one. The Debtor has owned the Property since 1994.

Unfortunately, in 2007, the Debtor was talked into a refinance as well as an equity line of credit (both with the infamous, Countrywide Home Loans). Both loans being predatory and inevitably defaulting after the market crash of 2008. The Debtor was able to obtain a reasonable loan modification for his primary loan in 2009, but the second / junior lienholder sent him a 1099-C (cancellation of debt) and the Debtor believed that the loan had been forgiven. The Debtor received no correspondence other than the 1099-C from 2007 until recently.

In March of this year, Real Time Resolutions, Inc. ("Real Time") filed Notice of Default for the 2007 second / junior lien. They appeared to have just bought this dormant loan and recorded their assignment in late 2019. The Debtor reached out to them to discuss and see if they could settle the loan, but Real Time demanded not only the original balance of roughly $200K, but an additional $149,706 or they would proceed with non-judicial foreclosure. The Debtor had no choice but to file the instant Chapter 11 to save the Property and see if he would be able to reorganize this debt (as well as an arrearage owed on the 1st mortgage) in Chapter 11 as well as deal with other very minor / small debts owed.

**Exhibit 2 - What Creditors Would Receive if the Case Were Converted to a Chapter 7**
Real Property #1: 3712 Underwood Dr., San Jose, CA 95117

| Fair Market Value | Liens | Cost of Sale | Resulting Income Tax | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|---|
| $1,600,000.00 | 1st Mortgage with Nationstar Mortgage, LLC balance: $607,750.00 | $112,000.00 | $45,108.60 | $100,000.00 | $385,434.40 |
| | 2nd Mortgage with Real Time Resolutions balance: $349,707.00 | | | | |
| | 3rd | | | | |

Personal Property:

| Description | Liquidation Value | Secured Claim | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|
| Cash | $3,767.74 | | | $3,767.74 |
| Automobile #1-2002 Toyota Highlander | $4,000.00 | | $525.00 | $3,475.00 |
| Automobile #2 – 2003 Toyota Camry | $2,800.00 | | $2,800.00 | $0.00 |
| Household Furnishings | $5,700.00 | | $5,700.00 | $0.00 |
| Retirement account (ICMA Deferred Compensation) | $17.886.00 | | $17,886.00 | $0.00 |
| Other Personal Property | | | | |
| TOTAL | | | | $7,242.74 |

| | |
|---|---|
| Net Proceeds of Real Property and Personal Property | $392,677.14 |
| Recovery from Preferences / Fraudulent Conveyances                                [ADD] | |
| Chapter 7 Administrative Claims                                                               [SUBTRACT] | |

| | | |
|---|---|---|
| Chapter 11 Administrative Claims<br>(to the Farsad Law Office, P.C. – after applying the $15,000.00 currently held in the Firm's operational account to the estimated $20,000.00 in total fees and costs but only after a Court order is given) | [SUBTRACT] | $5,000.00 |
| Priority Claims | [SUBTRACT] | |
| Chapter 7 Trustee Fees | [SUBTRACT] | $22,883.86 |
| Chapter 7 Trustee's Professionals – estimated | [SUBTRACT] | $20,000.00 |
| NET FUNDS AVAILABLE FOR DISTRIBUTION TO UNSECURED CREDITORS | | $344,793.28 |

| | |
|---|---|
| Estimated Amount of Unsecured Claims | $2,496.10 |
| Percent Distribution to Unsecured Creditors Under Proposed Plan | 100% |
| Percent Distribution to Unsecured Creditors Under Liquidation Analysis | 100% |

**Exhibit 3 - Monthly Income and Expenses**

| **Income** | Amount |
|---|---|
| Net Employment Income | $4,857.00[2] |
| Positive Cash Flow on Investment Property (Exhibit 5, Line A) | $46.43 |
| **A. Total Monthly Income** | **$4,903.43** |

| **Expenses**<br>Includes Plan Payments on Secured Claims for Residence and Car | Amount |
|---|---|
| Payroll Taxes and Related Withholdings | |
| Retirement Contributions (401k, IRA, PSP) | |
| Shelter Expenses (mortgage, insurance, taxes, utilities) | Mortgages accounted for in Exhibit 5 below: |
| Utilities | $639.00 |

---

[2] This amount is an average of the past two months of varying monthly employment taken from the Debtor's September and October monthly operating reports / bank statements.

| | |
|---|---|
| Household Expenses | $1,000.00 |
| Transportation Expenses (car payments, insurance, fuel) | $650.00 |
| Personal Expenses (e.g. recreation, clothing, laundry, medical) | $650.00 |
| Alimony / Child Support | N/A |
| Other Expenses – Life insurance<br>Bookkeeping | $463.00<br>$118.00 |
| Negative Cash Flow on Investment Property (Exhibit 5, Line B) | |
| **B. Total Monthly Expenses** | **$3,520.00** |

| | |
|---|---|
| **C. Disposable Income** (Line A - Line B) | **$1,383.43** |

| **Plan Payments**<br>Plan Payments Not Included in Calculating Disposable Income | Amount |
|---|---|
| Administrative Claims | $0.00 |
| Priority Claims | $0.00 |
| General Unsecured Creditors | N/A (lump sum payment below on Effective Date) |
| Class 1A arrears repayment for 12 months | $1,069.28 |
| **D. Total Plan Payments** | **$1,069.28** |

| | |
|---|---|
| **E. Plan Feasibility** (Line C - Line D)<br>(Not feasible if less than zero) | $314.15 |

**Exhibit 4 - Effective Date Feasibility**

Can the Debtor Make the Effective Day Payments?

|  | Amount | Amount |
|---|---|---|
| A. Projected Total Cash on Hand on Effective Date |  | $5,610.00[3] |
|   Payments on Effective Date |  |  |
|     Unclassified Claims – Class 2 (one payment on effective date) | $2,496.10 |  |
|     Administrative Expense Claims |  |  |
|     Priority Claims |  |  |
|     Small Claims (Class 2(a)) |  |  |
|     U.S. Trustee Fees | $650.00 |  |
| B. Total Payments on Effective Date |  | $3,146.10 |
| **C. Net Cash on Effective Date** (Line A - Line B) (Not feasible if less than zero) |  | $2,463.90 |

---

[3] This amount is based on the Debtor's most recently filed monthly operating report / is an estimate of what the Debtor will more than likely have on hand at the time of case confirmation.

Individual Chapter 11                          14
Combined Plan & Disclosure Statement                          (Version: 7/30/12)
Dated December 2, 2020

Case: 20-51306    Doc# 41    Filed: 12/02/20    Entered: 12/02/20 15:20:38    Page 14 of 15

**Exhibit 5 - Investment Property Analysis**

**Properties with Positive Monthly Cash-Flow:**
Real Property #1 Income: 3712 Underwood Dr., San Jose, CA 95117

| Rental Income | Mortgage | Insurance | Property Taxes | Other Expenses | Net Income |
|---|---|---|---|---|---|
| $5,885.00 | 1st Nationstar Mortgage, LLC Principal: $3,270.35 | Escrow: $1,009.22 (Taxes and Insurance) | | Maintenance $500.00 | $46.43 |
| | 2nd Real Time Resolutions $1,059.00 | | | | |
| | 3rd | | | | |

**Properties with Negative Monthly Cash-Flow:**
Real Property #2 Income: NONE

| Rental Income | Mortgage | Insurance | Property Taxes | Other Expenses | Net Income |
|---|---|---|---|---|---|
| | 1st | | | | |
| | 2nd | | | | |
| | 3rd | | | | |

| B. Total Negative Cash Flow | |
|---|---|